Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federally chartered banking corporation, & MTGLQ INVESTORS, L.P.,<br><br>*Plaintiffs*,<br><br>v.<br><br>NICHOLAS J. DUBOIS & MRS. NICHOLAS J. DUBOIS, his wife,<br><br>*Defendants*. | Civil Action No. 15-3787 (JMV) (MF)<br><br>**OPINION** |
| NICHOLAS J. DUBOIS,<br><br>*Third-Party Plaintiff*,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICES; XYZ Title Co. (fictitious); XYZ CORPS. 2-10 (fictitious); JOHN/JANE DOES 1-10 (fictitious),<br><br>*Third-Party Defendants*. | |

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court are two motions to dismiss Defendant Nicholas DuBois' ("DuBois") Second Amended Counterclaim and Third-Party Complaint (the "SATPC"). The first was filed by Counterclaim Defendant MTGLQ Investors, L.P. ("MTGLQ") and Third-Party Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Services ("Shellpoint"),

D.E. 118; and the second was brought by Counterclaim Defendant Federal National Mortgage Association ("Fannie Mae") and Third-Party Defendant Federal Housing Finance Agency ("FHFA"), D.E. 119. DuBois filed a single brief in opposition to both motions to dismiss, D.E. 136, and Defendants filed reply briefs, D.E. 137, 138. MTGLQ, Shellpoint, Fannie Mae and FHFA are referred to collectively as "Defendants" in this Opinion.

DuBois also filed a cross-motion for reconsideration of this Court's August 8, 2019 Opinion and Order (the "August 8 Opinion"). In the August 8 Opinion, the Court determined that DuBois improperly filed a Third Amended Answer, Counterclaims and Third-Party Complaint (the "TATPC"), pursuant to Rule 15(a), and denied DuBois leave to file the amended pleading *nunc pro tunc*. D.E. 136. Defendants oppose DuBois' request for reconsideration of the August 8 Opinion. D.E. 138, 139. The Court reviewed the parties' submissions,[1] and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, both motions to dismiss are **GRANTED**, and DuBois' cross-motion is **GRANTED in part** and **DENIED in part**. Upon reconsideration, the Court **DENIES** DuBois' request to file an amended pleading *nunc pro tunc*.

I. **Background and Procedural History**

This matter stems from DuBois' execution of a note and mortgage in 2001 (the "Mortgage"), Defendants' attempts to foreclose upon the property that was subject to the note and mortgage, and DuBois' efforts to stop the foreclosure. For purposes of the pending motion, the Court does not retrace this case's full factual and procedural history. The Court instead

---

[1] The following briefs were submitted in connection with the pending motions and will be referred to by docket number for purposes of this Opinion: DuBois' brief in opposition to the motions to dismiss and in support of his motion for reconsideration (D.E. 136-2); Fannie Mae and FHFA's briefs (D.E. 119, 138); and MTGLQ & Shellpoint's briefs (D.E. 118-4, 137, 139).

2

incorporates by reference the detailed background in its October 30, 2018 Opinion ("October 30 Opinion") that, in part, dismissed DuBois' amended counterclaims and third-party complaint (the "ATPC"). D.E. 103.

In the October 30 Opinion, and the accompanying Order, this Court granted DuBois leave to file a second amended complaint only as to claims asserted in the ATPC. The October 30 Order provided DuBois with thirty days to file an amended pleading and stated that if DuBois failed to file an amended pleading within thirty days, the claims in the ATPC would be dismissed with prejudice. D.E. 104. On December 14, 2018, this Court dismissed the claims asserted in the ATPC with prejudice because DuBois did not file an amended third-party complaint or counterclaims. D.E. 105. On December 21, 2018, however, DuBois filed a motion to vacate the December 14, 2018 Order and requested additional time to file an amended third-party complaint. DuBois included a proposed pleading as an exhibit to his motion. D.E. 106. In addition, Defendants previously consented to DuBois' request for an extension of time to file an amended pleading. D.E. 106-1 at 5. Accordingly, on March 11, 2019, the Court vacated its December 14 Order and provided DuBois two weeks to file the proposed amended pleading that he included as an exhibit to his motion to vacate. D.E. 112.

DuBois filed the SATPC on March 25, 2019. D.E. 113. The SATPC asserts the same causes of action as the ATPC but includes new factual allegations. Defendants subsequently filed the instant motions to dismiss. D.E. 118, 119. DuBois did not initially oppose Defendants' motions. Rather, on May 14, 2019, DuBois filed the TATPC without leave of Court or consent from the opposing parties. D.E. 121. As a result, on May 29, 2019, the Court ordered DuBois to show cause as to why he should be permitted to file the TATPC pursuant to Rule 15(a). D.E. 129.

In the August 8 Opinion, the Court determined that the TATPC was improperly filed pursuant to Rule 15(a) and refused to grant DuBois leave to file the TATPC *nunc pro tunc*. D.E. 134. The Court also granted DuBois leave to file opposition briefs to the pending motions to dismiss in the August 8 Opinion. *Id.* On August 22, 2019, DuBois filed his opposition to the motions to dismiss and his cross-motion for reconsideration of the August 8 Opinion. D.E. 136.

## II. MOTION FOR RECONSIDERATION

### 1. Legal Standard

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. DuBois complied with this time requirement.

Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Allowing a motion for reconsideration to go forward is an "extraordinary remedy" to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted). A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could

have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

### 2. Analysis

DuBois seeks reconsideration of (1) the denial of his request for leave to file the TATPC *nunc pro tunc*; and (2) the decision that the TATPC was not filed as a matter of course under Rule 15(a)(1). D.E. 136-2 at 5-13. DuBois does not argue that there was any intervening change in the law or that there is new, previously unavailable evidence. Accordingly, the Court construes DuBois' motion as arguing that reconsideration should be granted to correct a clear error of law or to prevent manifest injustice. To succeed under this prong, "the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Atkinson v. Middlesex County*, No. 09-4863, 2014 WL 2767771, at *2 (D.N.J. June 18, 2017) (quoting *D'Argenzio v. Bank of Am. Corp.*, 877 F. Supp. 2d 202, 207 (D.N.J. 2012)).

DuBois first argues that when denying leave to amend *nunc pro tunc*, the Court overlooked its March 11, 2019 Order, which required DuBois to submit the proposed amended complaint that he submitted as an exhibit to his December 21, 2018 motion to vacate. Because the Court, in the March 11 Order, directed DuBois to file the amended complaint he submitted on December 21, DuBois maintains that the Court incorrectly denied leave to amend based on DuBois' failure to include allegations that pertain to events on January 24, 2019 and March 1, 2019. D.E. 136-2 at 5. The Court recognizes that DuBois would have violated the March 11 Order if he included the January 24, 2019 and March 1, 2019 factual allegations in the SATPC. Thus, DuBois' motion for reconsideration in granted on these grounds. But to be clear, the Court will only reconsider whether DuBois should be granted leave to amend to add the January 24 and March 1 allegations,

5

which pertain solely to his NJCFA and FDCPA claims and also involve a new proposed Defendant, Seterus, Inc.

Pursuant to Rule 15(a)(2), a court must "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). While "[t]he Third Circuit has shown a strong liberality in allowing amendment under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities," *Bair v. City of Atlantic City*, 100 F. Supp. 2d 262, 265 (D.N.J. 2000) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)), it has also consistently held that "a District Court may deny leave to amend on the grounds the amendment would cause undue delay or prejudice, or that amendment would be futile." *In re Alpharma Sec. Litig.*, 372 F.3d 137, 153 (3d Cir. 2004) (quoting *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000)), *abrogated on other grounds by Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). "Futility of an amended complaint is reviewed under the 'same standard of legal sufficiency as applies under [Rule] 12(b)(6).'" *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011) (quoting *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002)). As a result, the Court considers DuBois' January 24, 2019 and March 1, 2019 allegations below, when assessing Defendants' motions to dismiss for failure to state a claim.

In his cross-motion, DuBois also contends that the Court erred in concluding that his claim for slander was futile. D.E. 136-2 at 8-10. In the August 8 Opinion, the Court relied on *Lone v. Brown*, 199 N.J. Super. 420, 427-28 (App. Div. 1985) to deny leave to amend DuBois' proposed slander claim on futility grounds. In *Lone*, the Appellate Division concluded that the filing of a notice of *lis pendens* is recognized as absolutely privileged under New Jersey's litigation privilege. *Id.* DuBois argues that this Court erred in relying on *Lone* because *Lone* does not address the filing of a *lis pendens* that includes incorrect information or mistakes. D.E. 136-2 at 8-10. However, if

6

the information were accurate, there would be no basis for a slander claim. DuBois fails to provide any case law to support his argument that the litigation privilege would not apply here or that *Lone* is not controlling. As a result, DuBois' motion for reconsideration is denied on these grounds.

Finally, DuBois seeks reconsideration of the Court's determination that DuBois could not amend his complaint without consent from the Court or his adversaries pursuant to Rule 15(a). D.E. 136-2 at 10-13. As to this argument, DuBois merely disagrees with this Court's conclusion, contending that the Court incorrectly adopted the "minority position." *Id.* at 10. As discussed, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Because DuBois fails to point to any clear error, DuBois' cross-motion for reconsideration is also denied on these grounds.[2]

---

[2] DuBois argues that the Court overlooked *United States v. Union Corp.*, 194 F.R.D. 223 (E.D. Pa. 2000) in the August 8 Opinion. The fact that *Union Corp.* was not mentioned in the August 8 Opinion does not mean that it was overlooked. *See Ashton v. AT & T Corp.*, No. 03-3158, 2006 WL 6909588, at *2 (D.N.J. Feb. 2, 2006) (stating that for purposes of a motion for reconsideration, "[a]n argument is not deemed overlooked because it is not specifically addressed in a court's opinion"). Moreover, *Union Corp.* does not address the precise procedural issue addressed in the August 8 Opinion—whether a party may amend as a matter of course after each answer or responsive motion. Rather, *Union Corp.* addresses whether a party has a right to replead as a matter of course after a motion to dismiss is granted. *Union Corp.*, 194 F.R.D. at 232. Because *Union Corp.* did not address the issue before the Court, the Court did not discuss *Union Corp.* in the August 8 Opinion.

## III. MOTION TO DISMISS

### 1. Standard of Review

The motions to dismiss pertain to counterclaims[3] pursuant to Federal Rule of Civil Procedure 12(b)(6), which is evaluated in the same manner as a motion to dismiss a claim in a complaint. *Signature Bank v. Check-X-Change, LLC*, No. 12-2802, 2013 WL 3286154, at *2 (D.N.J. June 27, 2013). For a counterclaim to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a counterclaim, district courts must separate the factual and legal elements. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch*, 662 F.3d at 224. The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a claim will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

---

[3] The SATPC does not differentiate between counterclaims and third-party claims. Because the same standard of review applies to both categories, the Court refers to all of DuBois' claims as counts or counterclaims.

## 2. Analysis

Although DuBois asserts new factual allegations in the SATPC, DuBois still fails to sufficiently plead any cognizable claims. The Court addresses each counterclaim below.

### a. Joint and Several Liability

Fannie Mae and FHFA seek to dismiss Count Twenty, DuBois' claim for joint and several liability, which is unchanged from the joint and several liability claim in the ATPC. This claim remains dismissed as to all Defendants because DuBois did not amend this count, and it is not an independent cause of action. *See* October 30 Opinion at 24.

### b. New Jersey Consumer Fraud Act Claim

In Count Twenty-One, DuBois alleges that Fannie Mae, FHFA, MTGLQ, Shellpoint, and Seterus[4] violated the NJCFA. A plaintiff must establish three elements for an NJCFA claim: (1) unlawful conduct, (2) an ascertainable loss, and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss. *In re AZEK Building Prods., Inc. Mktg. & Sales Practice Litig.*, 82 F. Supp. 3d 608, 623 (D.N.J. 2015). DuBois includes new allegations in the SATPC that Defendants failed to inform DuBois of his eligibility for the Principal Reduction Program and gave him a "faux offer of settlement" so that he would not participate in the program. SATPC ¶¶ 56C, 56D. DuBois alleges that this conduct amounts to unlawful conduct under the NJCFA. *Id.* ¶¶ 57-58. DuBois also clarifies in his brief that he is alleging that Fannie Mae adjusted the amount claimed due under the mortgage, in part, to exclude DuBois from the Principal Reduction Program. D.E. 136-2 at 15.

---

[4] Seterus is named as an additional third-party defendant in the TATPC and allegedly replaced Shellpoint as the servicer of DuBois' loan. TATPC ¶¶ 56-60C, 137A.

9

Despite these new factual allegations, the NJCFA claim is still premised on the implausible theory that Fannie Mae sold DuBois' mortgage to MTGLQ, within the $418 million portfolio of non-performing loans, to preclude DuBois from participating in the Principal Reduction Program. *Id.* ¶ 47; *see also* D.E. 136-2 at 15 (explaining that the mortgage amount was manipulated "in favor of adding a high-interest [non-performing loan] to the portfolio for MTGLQ"). Thus, even with DuBois' new allegations and explanation, the NJCFA claim remains implausible. Count Twenty-One, therefore, is dismissed for failure to state a claim.

In the proposed TATPC, DuBois maintains that statements that Seterus mailed him in January, February, and March 2019 state different amounts of indebtedness. TATPC ¶¶ 60A-60C. Even if this amounted to unlawful conduct under the NJCFA, which the Court is not deciding, DuBois fails to allege an ascertainable loss because of Seterus' statements. *See Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 247 (2005) (stating that an NJCFA claim may only be asserted by "those who can demonstrate a loss attributable to conduct made unlawful by the [NJ]CFA"). Accordingly, the Court denies DuBois leave to amend to assert a NJCFA claim as to Seterus on futility grounds.

### c. Fraudulent Transfer Claim

Count Twenty-Two alleges that Fannie Mae, FHFA, and MTGLQ violated the Uniform Fraudulent Transfer Act ("UFTA"), N.J.S.A. 25:2-20 *et al.* The fraudulent transfer claim as pled in the ATPC was dismissed because DuBois failed to adequately allege he was a creditor. October 30 Opinion at 25. As explained in the October 30 Opinion, "[t]he purpose of the NJ UFTA is to prevent a *debtor* from placing his or her property beyond a creditor's reach." *In re Tzanides*, 574 B.R. 489, 512-13 (Bank. N.J. 2017). As such, remedies under the NJ UTFA "are only available to *creditors* who have a valid 'right to payment[.]'" *TJI Gas Enters., LLC v. Lacey Gas, LLC*, No.

A-3170-13T1, 2016 WL 6776119, at *4 (N.J. App. Div. Nov. 16, 2016) (quoting N.J.S.A. 25:2-21) (emphasis in original). In the SATPC, DuBois alleges that he has "unliquidated equitable and legal claims for payment as of right against Defendants that are not yet reduced to judgment." SATPC ¶ 64A. But outside of this conclusory allegation, DuBois still fails to plead facts demonstrating that he actually has a claim to any payments from Defendants. And again, "a pending lawsuit does not equate to a valid right to payment." October 30 Opinion at 25 (citing N.J.S.A. 25:2-21). As a result, DuBois fails to plausibly plead that he is a creditor under the UFTA and Count Twenty-Two is dismissed for failure to state a claim.[5]

### d. Negligent Supervision

DuBois asserts a claim for negligent supervision as to FHFA in Count Twenty-Four. A claim for negligent supervision requires an employer/employee relationship. A party must establish that "(1) the employer must have known or had reason to know that the employee exhibited dangerous characteristics; (2) there must be a reasonable foreseeability of harm to others; and (3) the negligent supervision must be the proximate cause of the alleged injury." *Panarello v. City of Vineland*, 160 F. Supp. 3d 734, 769 (D.N.J. 2016), *on reconsideration in part*, No. 12-4165, 2016 WL 3638108 (D.N.J. July 7, 2016) (quoting *Cordial v. Atlantic City*, No. 11-1457, 2014 WL 1095584, at *11 (D.N.J. Mar. 19, 2014)). In this instance, DuBois alleges that the relationship between Fannie Mae and FHFA is akin to an employer/employee relationship. SATPC ¶ 83. DuBois, however, fails to provide any authority that the tort of negligent supervision can apply outside of the confines of an employer/employee relationship. *See G.A.-H v. K.G.G.*, 238 N.J.

---

[5] Count Twenty-Three of the SATPC asserts a claim for declaratory relief, which is materially identical to the claim for declaratory relief in the ATPC that this Court dismissed. October 30 Opinion at 30-31. Although no party moves to dismiss Count Twenty-Three at this time, because DuBois makes no substantive changes in the SATPC, the claim for declaratory relief remains dismissed.

11

401, 415-16 (2019) ("Unlike respondeat superior, negligent hiring, supervision, and training are not forms of vicarious liability and are based on the direct fault of the *employer*."); *DiCosala v. Kay*, 91 N.J. 159, 174 (1982) (explaining that the "tort of negligent hiring or retention of an incompetent, unfit or dangerous employee" is to "redress[] . . . negligence of the employer in hiring or retention of employees whose qualities unreasonably expose the public to a risk of harm"). Thus, the allegation that Fannie Mae and FHFA have something that resembles an employer/employee relationship is insufficient to state a negligent supervision claim as a matter of law. Therefore, this claim is dismissed.

### e. Tortious Interference Claims

In Count Twenty-Five, DuBois asserts a claim for tortious interference with prospective economic advantage against Fannie Mae, FHFA, and MTGLQ. In Count Twenty-Six, DuBois asserts a claim for tortious interference with contract against MTGLQ and Shellpoint. DuBois asserted similar claims in the ATPC that were dismissed as implausible because, like the NJCFA claim, they were premised on DuBois' allegation that his loan was included in the massive sale of non-performing loans to foreclose his ability to participate in the Principal Reduction Program. October 30 Opinion at 27. The tortious interference with contract claim in the SATPC is identical to the tortious interference with contract claim in the ATPC, and the few additions to the tortious interference with prospective economic advantage in the SATPC (*see* SATPC ¶¶ 90-90A (alleging a continuing violation and that Defendants acted in concert)) do not materially change the claim as pled in the ATPC. Consequently, DuBois fails to state a claim for tortious interference with a prospective economic advantage or contract in the SATPC, and these claims are dismissed.

### f. Deceit

Count Twenty-Nine asserts a claim for deceit against Fannie Mae, FHFA, MTGLQ and Shellpoint. In New Jersey, a claim for deceit is the same as a claim for fraud. "To establish a claim for fraud or deceit, a plaintiff must prove 'a material representation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by that party to his detriment.'" *Silvestre v. Bell Atl. Corp.*, 973 F. Supp. 475, 485 (D.N.J. 1997) (quoting *Nappe v. Anschelewitz, Barr, Ansell & Bonello*, 97 N.J. 37, 51 (1984)); *see also Holmin v. TRW, Inc.*, 330 N.J. Super. 30, 35 (App. Div. 2000) ("Here, the asserted cause of action is fraud, which is sometimes called 'deceit.'"). A fraud claim is also subject to the heightened pleading requirement of Rule 9(b), which requires "that plaintiffs support their allegations of fraud with . . . the 'who, what, when, where and how' of the events at issue." *Morano v. BMW of N.A., LLC*, 928 F. Supp. 2d 826, 832 (D.N.J. 2013) (quoting *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276-77 (3d Cir. 2006)). Finally, DuBois' claim is based on an omission – that Defendants failed to tell him about the Principal Reduction Program. SATPC ¶¶ 117-18. As a result, DuBois must establish that the Defendants had a duty to disclose information about the Principal Reduction Program. *Stockroom, Inc. v. Dydacomp Dev. Corp.*, 941 F. Supp. 2d 537, 547 (D.N.J. 2013) (stating that for a fraud claim, "a fraudulent omission under the common law requires a duty to disclose").

The deceit claim in the ATPC was dismissed because DuBois failed to sufficiently plead that any Defendant breached a duty to disclose information about the Principal Reduction Program. The SATPC fails to remedy this shortcoming. DuBois alleges that because FHFA directed Fannie Mae, MTGLQ, and Shellpoint to notify eligible mortgagers of the Principal Reduction Program, they "had a duty of good faith and fair dealing to notify DuBois of the Principal Reduction

Program." SATPC ¶ 117. In most cases, a bank owes no duty to disclose programs its customers. The duty to disclose may, however, arise in the presence of "egregious breaches of the lender's duty of good faith and fair dealing." *United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 557 (App. Div. 1997). Here, DuBois' conclusory statement that Defendants' failure to inform him of the Principal Reduction Program constituted a breach of the duty of good faith and fair dealing is not sufficient state a fraud claim, particularly in light of the requirements of Rule 9(b). As a result, Count Twenty-Nine is dismissed.

### g. *Prima Facie* Tort

DuBois brings a prima facie tort claim in Count Thirty of the SATPC. This claim was dismissed in the October 30 Opinion because it was premised on the same facts as numerous other counts in the ATPC and because a *prima facie* tort cause of action has not been officially recognized as a claim in New Jersey. October 30 Opinion at 29. In the SATPC, DuBois asserts a new paragraph that purportedly clarifies Defendants' alleged wrongful conduct. SATPC ¶ 123A. DuBois' *prima facie* tort claim, however, is still pled in the alternative, and still relies on the same allegations in other counts. As a result, for the same reasons set forth in the October 30 Opinion, the *prima facie* tort claim is dismissed.

### h. Federal Debt Collection Practices Act Claim

Count Thirty-One alleges that Shellpoint is a debt collector as defined by the FDCPA, and that it violated the FDCPA. SATPC ¶ 133. In the proposed TATPC, DuBois also alleges that Seterus violated the FDCPA because of letters it sent in January through March 2019. TATPC ¶¶ 128-38. The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No 13-07421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1)

14

she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

DuBois' FDCPA claim was dismissed as to Shellpoint in the ATPC because DuBois failed to plead sufficient facts to establish a *prima facie* FDCPA claim. The SATPC still contains material deficiencies and includes only conclusory allegations. For example, DuBois fails to plead when he received the notice that allegedly violated FDCPA, explain what other "documents" Shellpoint provided to him, or why Shellpoint's validation letter was not "lawfully sufficient." *See* SATPC ¶¶ 134-39. Therefore, Count Thirty-One of the SATPC is dismissed.

DuBois, however, appears to state a claim as to Seterus in the proposed TATPC. DuBois alleges that Seterus violated the FDCPA because between January 24, 2019 and March 1, 2019, Seterus provided DuBois with three different amounts of indebtedness that ranged from $219,506.06 to $337,639. In addition to pleading the specific amounts, the TATPC includes the dates when Seterus sent the statements with differing amounts. Yet, DuBois appears to improperly join Seterus as a defendant in this matter. *See* Fed. R. Civ. P. 21 (explaining that a court may *sua sponte* address misjoinder).

A plaintiff may assert claims against multiple defendants in one action if the right to relief arises out of the same transaction or occurrence, or there is a common question of law or fact as to all defendants. Fed. R. Civ. P. 20(a)(2). Leave to amend can be denied if the proposed amended pleading fails to satisfy the permissive joinder requirements of Rule 20. *Mosher v. New Jersey*, No. 06-2526, 2007 WL 1101230, at *5 (D.N.J. Apr. 10, 2007). Here, this single FDCPA claim against Seterus is independent from the numerous other claims in the SATPC. It involves a new

entity and because the alleged violative correspondence was sent in 2019, Seterus' actions could not have been a part of the alleged scheme to preclude DuBois from participation in the Principal Reduction Program that was offered in 2016, even assuming that the Court found those allegations plausible. DuBois' claim against Seterus is "notably distinct in both time and subject matter." *See Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 839-40 (3d Cir. 2014) (affirming denial of a Rule 20 motion to assert new claims against a new defendant that were unrelated to the initial insurance dispute). Thus, the Court denies DuBois' request for leave to file an amended complaint as to Seterus *nunc pro tunc*.

### i. Conspiracy and Aiding & Abetting Fraud Claims

In Count Twenty-Seven, DuBois asserts a claim for civil conspiracy, and in Count Twenty-Eight, he brings a claim for aiding and abetting fraud. In New Jersey, four elements comprise civil conspiracy: "'(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages.'" *MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d 371, 390 (D.N.J. 2016) (quoting *Morganroth & Morganroth v. Norris, McLaughlin & Marcus*, 331 F.3d 406, 414 (3d Cir. 2003)); *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177 (2005). Moreover, the underlying unlawful conduct must give rise to an independent right of action. *Banco Popular N. Am.*, 184 N.J. at 178. Similarly, to state a claim for aiding and abetting common law fraud, a plaintiff must show that the defendants willfully and knowingly associated with another's unlawful act. *Failla v. City of Passaic*, 146 F.3d 149, 158 (3d Cir. 1998). As a result, "[a] claim for aiding and abetting fraud also requires proof of the underlying tort." *State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commnc's Int'l, Inc.*, 387 N.J. Super. 469, 484 (App. Div. 2006). Finally, because DuBois' conspiracy and aiding and abetting

counts are premised on Defendants' purported fraud, they are subject to the Rule 9 heightened pleading standard. *Lum v. Bank of Am.*, 361 F.3d 217, 228 (3d Cir. 2004). Because the SATPC is otherwise dismissed in its entirety, DuBois' conspiracy, and aiding and abetting fraud claims also fail due to the lack of a cognizable underlying tort. Counts Twenty-Seven and Twenty-Eight are therefore dismissed.

### 3. Dismissal with Prejudice

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). DuBois has had numerous attempts to assert cognizable claims both in this matter and in the prior Washington D.C. Litigation. Most recently with the SATPC, DuBois failed to state any cognizable counts, and many of the claims were virtually identical to claims that were dismissed in the October 30 Opinion.[6] Accordingly, the Court concludes that providing DuBois with leave to file another amended pleading would be futile. The SATPC, therefore, is dismissed with prejudice. *See, e.g., TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-3355, 2014 WL 3853900, at *9 (D.N.J. Aug. 5, 2014) (dismissing claims with prejudice where court already provided plaintiff with leave to amend and amended pleading "suffer[ed] from many of the same pleading deficiencies previously identified by the Court").

---

[6] The sole exception is DuBois' FDCPA claim against Seterus. Although the Court is not permitting DuBois to assert this claim in this matter, DuBois is not precluded from asserting the claim in a separately filed case.

## IV. CONCLUSION

For the reasons stated above, Counterclaim and Third-Party Defendants' motions to dismiss the counter/third-party claims (D.E. 118, 119) are **GRANTED** and the Second Amended Counterclaim and Third-Party Complaint is **DISMISSED** in its entirety. In addition, DuBois' Cross-Motion for Reconsideration (D.E. 136) is **GRANTED** to the extent that it seeks reconsideration of the denial of leave to amend *nunc pro tunc*. On reconsideration, DuBois' request for leave to amend is **DENIED**. The cross-motion for reconsideration is otherwise **DENIED**. An appropriate Order accompanies this Opinion.

Dated: December 4, 2019

John Michael Vazquez, U.S.D.J.